IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  Criminal No. 5:05-cr-0009

DAVID BOND

**MEMORANDUM OPINION AND ORDER**

In Bluefield, on November 28, 2011, came the defendant, David Bond, in person and by counsel, George H. Lancaster, Jr.; came the United States by Miller A. Bushong, III Assistant United States Attorney; and came the Probation Officer Greg Swisher, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on September 2, 2011. The court found that the defendant had received written notice of the alleged violations as contained in the Petition and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant noted that violation 2 contained in the petition was no longer pending, and the Government agreed. The

court found that the charges for violation 1, concerning the defendant's use of a controlled substance, were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was twelve months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of supervised release are policy statements only and are not binding on the court.

Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of twenty-four (24) months. However, because defendant's supervised release had been revoked on an earlier occasion and he had been sentenced to a term of incarceration of twelve (12) month and a period of supervised release of twenty-four (24) months, the statutory maximum term of imprisonment was twelve (12) months. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before it on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the

court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for twelve (12) months. The court did not impose a term of supervised release following the defendant's period of incarceration.

The court considered all of the factors in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of defendant's violations.

The defendant was informed of his right to appeal the court's revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf. The defendant was remanded into custody.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** on this 1st day of December, 2011.

          ENTER:

          *David A. Faber*
          David A. Faber
          Senior United States District Judge